## THE NORTHFORD RIVET COMPANY *vs.* THE BLACKMAN MANUFACTURING COMPANY.

Parol evidence is admissible to show that goods charged by the plaintiffs to *B*, were intended for, and sold upon the credit of, a corporation of which he was agent, and that the corporation received the goods and credited the plaintiffs for them.

The plaintiffs took the individual note of *B* on account of the goods, but it was not given or taken as payment of the account. Held that this did not discharge the liability of the corporation.

*B* having gone into bankruptcy, the plaintiffs presented the note against his estate and received a dividend upon it. Held that they might show that they did this under the advice of legal counsel, and upon an opinion given that it would not prejudice their claim against the corporation.

ASSUMPSIT for goods sold; brought to the Court of Common Pleas of Fairfield County, and tried to the court, on the general issue, with notice, before *McManus, J.* Judgment for the plaintiffs and motion for a new trial by the defendants. The case is fully stated in the opinion.

*J. A. Wilson*, in support of the motion.

*L. D. Brewster*, contra.

FOSTER, J. The plaintiffs seek to recover of the defendants for merchandise sold and delivered at various times between the 16th of March, 1872, and the 7th of January, 1875; claiming a balance over the sums received in payment of $370.19.

The following facts are found:

One T. Blackman was the treasurer, agent, and business manager of the defendant corporation, and kept their books and accounts, to which all the officers of the company had free access. All the goods sold were furnished on Blackman's order while he was treasurer and agent of the company, and they all went to the use and benefit of the company. When the account commenced, the plaintiffs were acquainted with Blackman, knew that he had a store in New Haven, and knew that he was the agent of a manufacturing company. They also knew that all the goods purchased from them were for that company's use, but they did not know the corporate name of the company. They entered all goods sold or payments made under the account of T. Blackman, and made no change in the manner of keeping their account. All goods so furnished were credited on the defendants' books to the plaintiffs, and all payments made to the plaintiffs by Blackman were therein charged to the plaintiffs.

Early in April, 1875, the plaintiffs asked Blackman for the amount due on their bill up to January 1st, 1875, and he asked if they could use a note, to which they assented. Blackman gave them his individual note for the amount of the bill up to the last mentioned date, and the plaintiffs

credited the same on their books in the ordinary course of business, the amount being $349.30, dated April 12, 1875. Blackman was in the habit of keeping the defendants' funds mingled with his own in bank, and had often given his individual notes in payment of their debts. The defendants, by their president, were knowing to this, and had forbidden Blackman to do so, but this prohibition was unknown to the plaintiffs. On the 6th of April, 1875, Blackman resigned his offices, and ceased all connection with the defendant corporation, but no notice thereof was given or received by the plaintiffs till April 28th, 1875. The defendants then claimed that Blackman was indebted to them several thousand dollars, by overdrawing, or mismanagement, or misconduct, but the plaintiffs had no notice thereof till after April 28th, 1875. No receipt for the note was given by the plaintiffs; Blackman did not intend by giving it to exonerate the defendants and charge himself; neither had the plaintiffs such intention in accepting it. Blackman made an assignment in bankruptcy in April, 1875, and specified in his schedule of indebtedness this note, of April 12th, 1875, because he was advised by his counsel that it was his duty to specify in the schedule all notes outstanding, with his name, either as maker or indorser. The plaintiffs presented the note to the assignee of Blackman's estate, having first been advised by their counsel that their rights against the defendants would in no way be prejudiced thereby. The amount of the dividend on the note was $10, and that has been received by the plaintiffs. The plaintiffs at this time did not know the fact that the goods were entered on the defendants' books as goods bought by the defendants of the plaintiffs. The defendants and Blackman made a settlement of their affairs in April, 1875, in which no specific mention or account was made of the note; the parties made what is styled in the finding of facts, "a lumping settlement."

The court upon these facts rendered judgment for the plaintiffs for the amount of the unpaid balance of their account. The defendants move for a new trial on several grounds.

In the first place, because the goods sold were charged to

T. Blackman as an individual, and so the credit was given to him, and not to the defendants. A sufficient answer to this claim is, that the fact is found otherwise; it is found that the credit was given to the defendant corporation of which Blackman was treasurer, the plaintiffs not knowing the name of the corporation.

In this connection, an objection was made to any evidence in explanation of the charge on book; that it should be taken as it stood, and all oral testimony respecting it should be excluded. We have no difficulty as to this objection. Greater care and accuracy as to the party charged than was exhibited in this case, in making entries on book of merchandise sold and delivered, would certainly have been commendable. Still, we think the testimony was admissible; and when it appears that the articles were sold on the credit of the defendants, were received and enjoyed by the defendants, and were, on their books, credited to the plaintiffs, we are at loss to discover what grounds the defendants here have for complaint.

Another claim of the defendants is, that if they were ever liable for this debt, that liability was discharged when the plaintiffs took the individual note of Blackman; that presenting that note, and taking a dividend upon it from his estate, was an election, by the plaintiffs, of Blackman as their debtor; and that the defendants were thereby released from any claim the plaintiffs had against them.

These claims would have force if it were not found that the note was neither given nor received in payment of the debt. It was taken in payment only so far as it should prove to be payment; and so the original liability of the defendants was understood to be continued.

The objection to the evidence offered by the plaintiffs, that they were advised by their attorney that their rights would be in no way prejudiced by presenting the note against the estate of Blackman, was properly overruled. It was explanatory of the act; and in connection with the other evidence in the case, went to show that the plaintiffs never intentionally substituted Blackman for their debtor in place of the defendants.

There are no reasons why we should give any undue weight

Northford Rivet Co. *v.* Blackman Manufacturing Co.

to technical objections urged by the defendants in this case. A debt to the plaintiffs was fairly contracted by the defendants, and it has not been paid. Justice demands that it should be. The law should enforce, rather than find means to avoid, the payment.

The motion for a new trial should be denied.

In this opinion the other judges concurred.