DAVIS *v.* DYER & a.

In a suit against the trustees of a family of Shakers, the plaintiff is a competent witness, although a former trustee with whom the business which is the subject-matter of the suit was transacted is dead.

In the trial of a suit against a principal, the plaintiff's books, showing that the items sought to be recovered are charged against the agent, are competent, if it is shown that the charges are in fact on the principal's account.

A claim for manufacturing cloth, for work and labor, and for board, may be recovered under counts for work done and materials provided, and for goods sold and delivered.

ASSUMPSIT, to recover a balance of account. The declaration is for goods, wares, and merchandise bargained and sold, sold and delivered; for work done and materials provided; for money lent, paid, laid out, and expended; for money had and received, and interest.

The action is brought by Davis, surviving partner of the firm of Davis & Conant, against the defendants as trustees of the Church Family of Shakers. Caleb M. Dyer, for many years prior to his death, was trustee of the Church Family, and the business between the plaintiff and that family was almost exclusively transacted with Dyer. He died in 1863.

The plaintiff, subject to the defendants' exception, was allowed to testify generally as to transactions and conversations with Dyer, and he introduced the books of account of the firm. The entries offered were made against C. M. Dyer. The defendants objected that the entries did not sustain the items in suit. It did not appear and was not claimed that the plaintiff had any dealings with Dyer except in his capacity of trustee.

The defendants excepted to the ruling that the plaintiff could recover several items for manufacturing flannel, and for work and labor, because there was no count in the writ for labor exclusively; also to the ruling that the plaintiff could recover for board, there being no count in the writ for board.

*S. C. Eastman* (with whom were *Mugridge* and *H. Bingham*), for the defendants.

*Pike & Parsons* (with whom were *Blodgett* and *Murray*), for the plaintiff.

STANLEY, J.  Davis was a competent witness.  Under the statute the rule is, that all persons are competent.  Interest does not disqualify.  There are, however, exceptions to this rule, but this case does not come within them.  The adverse party is not an executor, administrator, or guardian, nor the representative of either of them.  G. L., c. 228, *ss.* 13, 16, 17, 18, 19.  The real defendant is the Church Family of Shakers.  *Davis* v. *Bradford*, 58 N. H. 476, 480.  Dyer was their agent, transacting their business. He stood in the same relation to them as if they were a partnership or a corporation, and he were a member of the firm or an officer of the corporation; and the rule which would exclude Davis's testimony, would exclude the testimony of a party where the suit was by or against a surviving partner or a corporation.  Dyer's estate has no interest in the result of the suit.  The defendants do not represent him.  In *Hoit* v. *Russell*, 56 N. H. 559, and *Packard* v. *Putnam*, 57 N. H. 47, cited by the defendants, the adverse party was an administrator, and the decision is placed on that ground.

The plaintiff's books were admissible.  The objection is, that they contained no charges against the defendants; that all the charges were against C. M. Dyer.  It is true that the books by themselves, without an explanation and other evidence, would not be sufficient to prove the charges upon which the plaintiff was seeking to recover; but evidence in explanation was competent, and when it was proved that the dealings by the plaintiff were with Dyer, as agent of the Shakers,—that there were no dealings with him except in his representative capacity,—they were competent evidence.  The cases cited in opposition to this view are where the books were the only evidence to support the charge, or where they were offered to prove a collateral fact, or, as in *Swain* v. *Cheney*, 41 N. H. 232, where they were excluded as books of account and admitted as memoranda, and the court held they were admissible as books of account.  It was essential that the plaintiff should establish two propositions,—first, that Dyer had the articles charged; and second, that he had them as agent or trustee for the Shakers. If the evidence offered was competent to prove either of these propositions, it was admissible.  To prove the first proposition, the books were competent.  *Northford Rivet Co.* v. *Blackman Manf. Co.*, 44 Conn. 183.

The exception to the recovery of several items for manufacturing flannel, for work and labor, and for board, on the ground that there were no appropriate counts in the writ, is not sustained.  The items for manufacturing the flannel, and for work and labor, may be recovered under the count for work done and materials provided. It is not necessary to a recovery under this count that the claims should include, or that there should be evidence of, both labor done

and materials provided : either is sufficient. The items for board may be recovered under the counts for goods sold and delivered, and for labor and services. 1 Ch. Pl. 77 (13 Am. ed., notes); *Witter* v. *Witter*, 10 Mass. 223 ; *Tremain* v. *Edwards*, 7 Cush. 414.

*Exceptions overruled.*

FOSTER, SMITH, and BLODGETT, JJ., did not sit : the others concurred.